NOV 1 5 2005

**FILED**

TIMOTHY M. BURGESS
United States Attorney

KEVIN FELDIS
JAMES BARKELEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
(907) 271-5071

DEC 0 6 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ PD _____ Deput

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. A05-070 CR (RRB) |
| | ) | |
| Plaintiff, | ) | **PRELIMINARY ORDER OF** |
| | ) | **FORFEITURE** |
| v. | ) | |
| | ) | |
| CLYDE RAMIREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Fed. R. Crim. P. 32.2(b) and based upon the defendant CLYDE
RAMIREZ's November 2, 2005 guilty pleas to Counts 2 through 4 of the Indictment
(including Criminal Forfeiture Counts 3 and 4), and the Court's acceptance of the
defendant's guilty pleas, the Court finds as follows:

A.    That despite the government's agreement to dismiss Count 1 at sentencing, the
defendant has agreed to and plead guilty to Criminal Forfeiture Count 3 of the Indictment,
the defendant's interest, if any, in the approximately ONE THOUSAND FOUR HUNDRED
DOLLARS ($1,400.00) IN UNITED STATES CURRENCY, described in Count 3, is

46

property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, thereby rendering said currency subject to forfeiture under 21 U.S.C. §§ 853(a)(1) and (2).

B.    That despite the government's agreement to dismiss Count 1 at sentencing, the defendant has agreed to and plead guilty to Criminal Forfeiture Count 4 of the Indictment, the defendant's interest, if any, in one AMT BACKUP 9MM SEMI-AUTOMATIC HANDGUN, SERIAL NUMBER DLX05666, described in Count 4, is property constituting firearms, including accessory magazines and ammunition, used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 801–904, rendering such firearm subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The currency described in Count 3 of the Indictment is condemned and forfeited to the United States of America pursuant to 21 U.S.C. § 853, and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said currency.

The firearm described in Count 4 of the Indictment is condemned and forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c), and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said

firearm.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is authorized to seize and take possession of the aforementioned currency and firearm and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said property, and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the ATF shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the property in such manner as the Attorney General may direct. The notice shall be published once in each of three consecutive weeks in the Anchorage Daily News or any other appropriate newspaper of general circulation. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited currency or firearm must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the currency or firearm shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

3

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture in which all interests will be addressed.

DATED this 2 day of December, 2005.

HON. RALPH R. BEISTLINE
United States District Judge

PO 12-6-05

A05-0070--CR (RRB)
-----------------------------------------------------------
M. DIENI (FPD)
K. FELDIS (US ATTY)
US MARSHAL

4

US PROBATION